UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-24150-KING

MARCO SALDANA,

    Plaintiff,

vs.

PUBLIC HEALTH TRUST OF
MIAMI-DADE COUNTY d/b/a
JACKSON MEMORIAL HOSPITAL,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion") (DE 14), which was filed on January 12, 2016. The Court is fully briefed on the issue.[1] Upon review of the record and after careful consideration, the Court finds that the Motion should be denied.

## I. BACKGROUND

This is an action by Plaintiff, brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, *et seq.*, ("ADA"), the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.*, ("FCRA"), and the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, ("FMLA"), for damages caused by the allegedly unlawful, disability-based discriminatory treatment of and retaliation against Plaintiff, as well as interference with Plaintiff's rights and retaliation under the FMLA. The operative pleading in this case is the

---

[1] Plaintiff filed a Response in Opposition on January 22, 2016 (DE 17) to which Defendant Replied on February 1, 2016 (DE 19).

1

First Amended Complaint ("the FAC"). DE 10. There are six counts: Count I for Retaliation in Violation of the FCRA; Count II for Retaliation in Violation of the ADA; Count III for Retaliation under the FMLA; Count IV for Discrimination in Violation of the ADA; Count V for Disability Discrimination in Violation of the FCRA; Count VI for Interference with Rights under the FMLA.

## II. LEGAL STANDARD

In deciding a motion to dismiss, the Court must accept a complaint's allegations as true and construe them in the light most favorable to the Plaintiff. *See M.T.V. v. Dekalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

A complaint must contain short and plain statements of the grounds for the court's jurisdiction, of the cause of action, and of the relief sought. Fed. R. Civ. P. 8(a). Under the heightened pleading standards set forth by the Supreme Court in *Bell Atl. Corp. v Twombley*, 550 U.S. 544 (2007) and *Ashcroft v Iqbal*, 556 U.S. 662 (2010), there must be "enough facts to state a claim to relief that is plausible on [the] face" of the complaint. *Twombley*, 550 U.S. at 570. A plaintiff must plead sufficient facts to show relief and "more than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Id.*

## III. ANALYSIS

### A. Counts I & II: Retaliation under the ADA & FCRA

Defendant argues that, in order to establish a claim under the ADA, Plaintiff must allege a disability. The ADA defines a "disability" with respect to an individual as: (1) a

2

physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such impairment; or (3) being regarded as having an impairment. 42 U.S.C. § 12102(1). Defendant argues that Plaintiff has insufficiently pled a disability under the ADA because the FAC only alleges that "Plaintiff was diagnosed with Lumbosacral Spondylosis without Myelopathy, and Sciatica," which fails to adequately plead the existence of a long-term impairment or substantial limitation of a major like activity. In sum, Defendant argues that "[a]t most, the allegations in the FAC indicate that Plaintiff suffered from an injury which resulted in a temporary absence from work." DE 14 at 7.

In response, Plaintiff points out that the FAC describes the purported disability in greater detail:

> "The documentation provided to Defendant and its agents clearly indicated that, during this treatment, Plaintiff would be substantially limited in the major life activities of standing and lifting. Specifically, Plaintiff's physician advised that Plaintiff would be unable to continuously stand for more than fifteen minutes, and unable to lift objects more than twenty pounds"

DE 10 at 2-3. Plaintiff claims that these facts "undeniably" plead a disability under the ADA because the major life activities of standing and lifting were said to have been impaired during treatment.

The Court finds that Plaintiff has sufficiently pled a disability under the ADA. The ADA Amendments Act of 2008 ("ADAAA"), Pub.L. No. 110–325, 122 Stat. 3553 (2008), effective Jan. 1, 2008, and the regulations interpreting the same, make it clear that "Congress no longer intends for temporary impairments to be excluded from the definition of 'disability.'" *Moore v. Jackson Cty. Bd. of Educ.*, 979 F. Supp. 2d 1251, 1261 (N.D. Ala. 2013). Plaintiff's back injury is alleged to have substantially limited his ability to perform the

3

major life activities of standing and lifting. Defendant's argument that this limitation may have been temporary is not dispositive as to the existence of a disability.

### B. Counts IV and V: Disability Discrimination under the ADA and FCRA

Defendant argues that the claims for disability discrimination under the ADA and FCRA should be dismissed because Plaintiff has not pled the existence of a "disability." For the same reasons as in the section above, the Court finds that Plaintiff has adequately pled the existence of a disability.

### C. Counts III and VI: Retaliation and Interference with Rights under the FMLA

Defendant argues that the FAC fails to state a claim for retaliation and interference under the FMLA because it does not plead the existence of a "serious health condition." More specifically, Defendant argues that "although Plaintiff claims to have produced a doctor's note stating [that] he was getting injections for his back condition, his allegations are insufficient to show . . . a 'serious medical condition' under the FMLA." DE 14 at 10.

As defined in the FMLA, "serious health condition" means "an illness, injury, impairment, or physical or mental condition that involves "(a) inpatient care in a hospital, hospice, or residential medical care facility; or (b) continuing treatment by a health care provider." 29 U.S.C. § 2611(11); *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1294 (11th Cir. 2006). The Courts must also consider the interpretations of the FMLA in pertinent regulations promulgated by the Department of Labor:

> A serious health condition involving continuing treatment by a health care provider includes any one or more of the following:
>
> (a) Incapacity and treatment. A period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:

4

> (1) Treatment two or more times, within 30 days of the first day of incapacity, unless extenuating circumstances exist, by a health care provider, by a nurse under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or
>
> (2) Treatment by a health care provider on at least one occasion, which results in a regimen of continuing treatment under the supervision of the health care provider.
>
> (3) The requirement in paragraphs (a)(1) and (2) of this section for treatment by a health care provider means an in-person visit to a health care provider. The first (or only) in-person treatment visit must take place within seven days of the first day of incapacity.
>
> (4) Whether additional treatment visits or a regimen of continuing treatment is necessary within the 30-day period shall be determined by the health care provider.

29 C.F.R. § 825.115. *See Hurlbert*, 439 F.3d at 1294. In the FAC, Plaintiff states that his physician sent FMLA documentation to his supervisor stating that from April 1, 2014 through April 30 2014, Plaintiff would be incapacitated due to treatment for lumbosacral spondylosis without myelopathy, and sciatica. It can be reasonably inferred that, during that time, Plaintiff was in a regimen of continuing treatment under the supervision of his physician. The Court finds that these well pled facts, and the inferences that can reasonably be drawn from the same, sufficiently plead the existence of a serious health condition under the FMLA. Accordingly, Defendant's argument for dismissal of claims for retaliation and interference with rights under the FMLA are unavailing.

## IV. CONCLUSION

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that:

1. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (**DE 14**) be, and the same is, hereby **DENIED**.

2. The Defendant's Motion to Stay Discovery **(DE 16)** be, and the same is hereby, **DENIED as moot**.

3. The Defendant's Motion for Sanctions **(DE 16)** be, and the same is, hereby **DENIED without prejudice** to renew after trial, if warranted.

4. Defendant **SHALL answer** the First Amended Complaint within **twenty (20) days** of the date of this Order.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 3rd day of February, 2016.

*/s/ James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record